UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BLUE GENTIAN, LLC and<br>NATIONAL EXPRESS, INC., | : | Civil Action No. 13-1758 (NLH) (AMD) |
| Plaintiffs, | : | |
| v. | : | |
| TRISTAR PRODUCTS, INC., | : | |
| Defendant. | : | |
| BLUE GENTIAN, LLC and<br>NATIONAL EXPRESS, INC., | : | Civil Action No. 13-7099 (NLH) (AMD) |
| Plaintiffs, | : | |
| v. | : | |
| WAL-MART STORES, INC.,<br>d/b/a SAM'S CLUB and SAM'S<br>WHOLESALE CLUB, | : | **Motion Returnable: August 17, 2015** |
| Defendant. | : | |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO DISSOLVE STAY
AND TO CONSOLIDATE CIVIL ACTION NO. 13-7099 INTO CIVIL
ACTION NO. 13-1758, AND TO STAY THE DETERMINATION OF
DAMAGES AGAINST DEFENDANT WAL-MART STORES, INC.**

Thomas R. Curtin
George C. Jones
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700

Edward F. McHale (*pro hac vice*)
Brian M. Taillon (*pro hac vice*)
Kenneth W. Cohen (*pro hac vice*)
McHALE & SLAVIN, P.A.
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
(561) 625-6575

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

I.     INTRODUCTION ...................................................................................................1

II.    BACKGROUND .....................................................................................................1

III.   ARGUMENT...........................................................................................................3

         A.     The Court Has the Power to Control the Disposition of the Cases
                on its Docket ...............................................................................................3

         B.     Unless the Current Stay is Dissolve, the Addition of the Two Design Patent
                Infringement Claims Makes Duplicative Litigation a Near Certainty......................5

         C.     Judicial Economy is Best Served by Consolidating the Remaining
                Two Cases and Staying Damages for Defendant Wal-Mart....................................7

IV.   CONCLUSION........................................................................................................8

# **TABLE OF AUTHORITIES**

**CASES** **Page(s)**

*Bergstrom v. Sear, Roebuck and Co.*,
496 F.Supp. 476 (D. Minn. 1980) ..........................................................................................6, 7

*Cheyney State College Faculty v. Hufstedler*,
703 F.2d 732 (3rd Cir. 1983) ......................................................................................................4

*In re Nintendo of Am., Inc.*,
756 F.3d 1363 (Fed. Cir. 2014) ..............................................................................................2, 5

*Katz v. Lear Siegler, Inc.*,
909 F.2d 1459 (Fed. Cir. 1990) ..............................................................................................2, 5

*Landis v. North Am. Co.*,
299 U.S. 248 (1936) .....................................................................................................................3

*Richmond v. Lumisol Elec. Ltd.*,
No. 13-1944, 2014 U.S. Dist. LEXIS 59939 (D.N.J. Apr. 30, 2014) .........................................2, 5

*Transclean Corp. v. Jiffy Lube Int'l, Inc.*,
474 F.3d 1298 (Fed. Cir. 2007) ...................................................................................................6

**Statutes, Rules & Other Authorities**

35 U.S.C. § 284 ..............................................................................................................................6

35 U.S.C. § 289 ...........................................................................................................................6, 7

**I.     INTRODUCTION**

Plaintiffs BLUE GENTIAN, LLC ("Blue Gentian") and NATIONAL EXPRESS, INC. ("National Express") respectfully move that the Court dissolve the stay of Civil Action No. 13-7099 against Defendant WAL-MART STORES, INC. ("Wal-Mart"), issued October 2, 2014 by the Hon. James B. Clark III., U.S.M.J. (Dkt. Nos. 64, 65), and to consolidate that action with Civil Action No. 13-1758 against Defendant TRISTAR PRODUCTS, INC. ("Tristar") in the interests of judicial economy based on the recent material change of circumstances.  At the time the stay was issued, it was determined that a stay was in the interests of judicial economy and efficiency.  Because of recent developments, the settlement of multiple cases and the addition of design patent infringement claims, judicial economy and efficiency is now best served by dissolving the stay and consolidating these last two actions remaining before the Court.

**II.    BACKGROUND**

At the time the stay was issued, there were five cases which "fit almost like Russian nesting dolls" with each other.  (Case No. 2:13-cv-00481-FSH-JBC, Dkt. No. 121, PageID: 1306).  This Russian doll included two cases, 12-6671 and 13-481, nearly identical to each other but for the designations of Plaintiff and Defendant, which both fit neatly within a third case, 13-4627, which carried the weight of the amendments and additions.  These cases involved Blue Gentian and National Express with claims of patent infringement against TELEBRANDS, INC. ("Telebrands") and its retailers.  Similarly, there were the two other cases, 13-1758 and 13-7099, fitting neatly together involving Blue Gentian and National Express claiming patent infringement by Tristar and its retailer Wal-Mart.

In the interest of judicial economy and to streamline litigation, these five cases were divided and reconsolidated into four cases, where Plaintiffs had separate cases against: (1)

1

Telebrands in the 12-6671 case; (2) Telebrands' retailers in the 13-4627 case; (3) Tristar in the 13-1758 case; and (4) Wal-Mart as Tristar's retailer in the 13-7099 case. The 13-481 case was then closed and Civil Action Nos. 13-4627 and 13-7099 were stayed pending the outcome of the manufacturer suits.

In staying Civil Action Nos. 13-4627 and 13-7099, Judge Clark identified that Wal-Mart was a proper party as an alleged patent infringer and it was in the interest of judicial economy to deny the requests to dismiss Wal-Mart from the pending actions. (Case No. 1:13-cv-07099, Dkt. No. 64, PageID: 883). Following the general principles of judicial economy elucidated in *Katz v. Lear Seigler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990), with regard to the Customer-Suit Exception, as well as the opinions of the Federal Circuit in *In re Nintendo of Am. Inc.*, 756 F.3d 1363 (Fed. Cir. 2014) and the Hon. Mary L. Cooper in *Richmond v. Lumisol Elec. Ltd.*, No. 13-1944, 2014 U.S. Dist. LEXIS 59939 (D. N.J. Apr. 30, 2014) ("*Richmond I*"), Judge Clark determined that judicial economy at the time was best served by staying the Retail Defendant suits. (Case No. 1:13-cv-07009, Dkt. No. 64, PageIDs: 884-886).

Judge Clark reasoned that while the Customer-Suit Exception does not directly apply, the guiding principles of judicial economy and efficiency behind the exception supported severing the manufacturer suits from the retailer suits and staying the Retailer Defendant actions. (*Id.*). This reasoning took into account the "potential" duplicative and additional litigation that might follow because the Retailer Defendants were not bound by the judgments in the Manufacturer Defendant cases, should they result in determinations of patent validity and infringement. (*Id.*). It was reasoned that the Retailer Defendant actions, after amendment, would involve the same three utility patents and that resolution in the manufacturer suits coupled with the fact that the manufacturers have a duty to indemnify the retailers, would simplify the Retail Defendants'

actions, and could have a major and even dispositive effect on those actions. (*Id*. at PageID: 887). Judge Clark determined that the "concern [at the time] of duplicative litigation [was] an unlikely scenario" because if Plaintiffs fully recovered from the manufacturers they were precluded from recovering again from Retailer Defendants, and if the manufactures prevailed then the Retailer Defendant actions would be barred by collateral estoppel. (*Id*. at PageIDs: 888-889). Further, if Plaintiffs obtained an injunction against the sale of the accused products by the manufacturers, the practical effect included an injunction against the Retail Defendants as well. (*Id*.)

With the pending settlement of the 12-6671 and 13-4627 cases, and the inclusion of U.S. Patent Nos. D722,681 ("the D'681 Patent") and D724,186 ("the D'186 Patent") into the present action, judicial economy is no longer served by the stay of Civil Action No. 13-7099. There are now only two cases present before the Court, and they deal with the same accused product and same claims of patent infringement. Moreover, because of the addition of design patents, there is now a *near certainty* that duplicative litigation will arise following the manufacturer action in Civil Action No. 13-1758, in the event of a judgment for Plaintiffs as to those two design patents alone. Accordingly, in the interests of judicial economy, Plaintiffs now move for the Court to dissolve the stay of the 13-7099 case and consolidate that case into the 13-1758 case, while administratively closing the 13-7099 case, and allow them to proceed while staying the issue of the determination of Wal-Mart's damages until after all other issues are resolved.

### III. ARGUMENT

#### A. The Court Has the Power to Control the Disposition of the Cases on its Docket

The Court has broad discretion in deciding whether to stay a lawsuit. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). This power to stay a suit, or lift the stay of a suit, "is

3

incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737 (3rd Cir. 1983) (quoting *Landis*, 299 U.S. at 254).

The two remaining cases before the Court were severed and realigned because it was determined at the time that it was in the best interest of judicial economy and efficiency. For similar reasons the 13-7099 case was stayed pending the outcome of the 13-1758 case, because at the time it was unlikely that such a stay would result in duplicative litigation and therefore the interests of judicial economy and efficiency were best served by staying litigation with the Retailer Defendant pending the outcome of the Manufacturer Defendant suit.

As set forth below, because of the recent addition of claims of design patent infringement and the settlement in Civil Action Nos. 12-6671 and 13-4627, duplicative litigation is almost certain. Judicial economy and efficiency is no longer served by maintaining the stay. To maintain the stay would be counter to the original purpose of the order, and the order staying litigation in the 13-7099 case should be dissolved. In the interest of judicial economy, the two cases should be consolidated into one action, the 13-1758 action. The 13-7099 case should then be closed.

After consolidation in the 13-1758 case, the sole issue of the determination of damages of the Retailer Defendant should then be stayed pending resolution of the remaining issues. This allows the Court to streamline the present litigation and address the same issues of patent validity and infringement with all parties. As all Defendants are represented by the same counsel there should be no prejudice with such an order, and no additional hassle for Defendants, since limited discovery for Retailer Defendants was previously permitted by Judge Clark, as was relevant to

the manufacturer actions, to allow Plaintiffs to show commercial success of the patented invention in order to establish secondary considerations of non-obviousness. (Case No. 1:13-cv-07099, Dkt. No. 64, PageID: 889).

### B. Unless the Current Stay is Dissolved, the Addition of the Two Design Patent Infringement Claims Makes Duplicative Litigation a Near Certainty.

The 13-7099 case was stayed as part of a larger order, which streamlined litigation and stayed all Retailer Defendant suits, in the interests of judicial economy and efficiency. (*Id.*). It was argued that the Retailer Defendant suits were "peripheral claims" that should be stayed pending the outcome of the Manufacturer Defendant suits. (*Id.*, PageID: 884). Plaintiffs argued against staying the Retailer Defendant actions because there was the concern of duplicative litigation from the Retailer Defendants based on the refusal of the Retailer Defendants to be bound by the judgments in the cases against the manufacturers. (*Id.*, PageID: 881, 884). Citing *Katz, In re Nintendo* and *Richmond I,* Judge Clark determined that, at *that* time, "Blue Gentian and [National Express]'s concern of duplicative litigation is an unlikely scenario." (*Id.*, PageID: 884-889). The inclusion of the design patents D'681 and D'186 into this case changes this "unlikely scenario" into a near certainty of duplicative litigation.

Prior to the inclusion of the claims of infringement of the D'681 and D'186 Patents, resolution of the manufacturer suits was likely to resolve all major issues. The manufacturer actions and Retail Defendant actions all involved the same patents-in-suit, and had the same issues of infringement, invalidity, and unenforceability. (*Id.*, PageID: 887). Judge Clark reasoned that even without the Retail Defendants' agreement to be bound by the manufacturer judgments, the resolution of the manufacturer actions could have a major even dispositive effect on the Retail Defendant actions. (*Id.*, *citing Katz*, 909 F.2d at 1464, *Richmond I*, 2014 U.S. Dist. LEXIS 59939 at *26).

5

Judge Clark's reasoning was that if the manufacturers prevail in proving that patents invalid or unenforceable, the Retail Defendants would be able to assert collateral estoppel as a bar to subsequent suit by Plaintiffs. (*Id*., PageID: 888). Conversely, and even though the Retail Defendants would be free to raise the exact same arguments in subsequent litigation, the Patent Exhaustion Doctrine (or prohibition against double recovery) prevents Plaintiff from recovering damages from the Retail Defendant after fully recovering from the manufacture defendants. (*Id*., PageID: 888-889, *citing Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.3d 1298, 1304 (Fed. Cir. 2007)). But this principle is only true when the patents-in-suit are utility patents.

The prohibition against double recovery that is applicable to utility patents under 35 U.S.C. § 284 does not exist for design patents. *Bergstrom v. Sear, Roebuck and Co.*, 496 F.Supp. 476, 495–96 (D. Minn. 1980). In *Bergstrom*, the court addressed 35 U.S.C. § 289 which allows for the recovery of the total net profit made by *any infringer*, through the sale of an accused product. In addressing the recovery of profits under Section 289, the court concluded that "[b]ased on the statutory language, the purposes underlying the Statute, and the pre-1946 case law on the subject of recovery of profits by utility patentees, . . . a design patentee can recover the profits of not only the manufacturer or producer of an infringing article, *but also* the profits of other sellers in the chain of distribution." 496 F.Supp. at 496 (emphasis added).

Because the D'681 and D'186 Patents are issued U.S. Patents, they should be accorded their presumption of validity. Because of their inclusion into the present actions, the "unlikely scenario" that Judge Clark was then dealing with is now a near certainty—even after the manufacturer action against Tristar is resolved, the Retail Defendant action against Wal-Mart will need to start anew. Without dissolving the stay, the only scenario where the manufacturer suit resolves the issues for the Retail Defendant suit is if the design patents are found invalid or

unenforceable. But starting from a presumption that the design patents are invalid or unenforceable goes against the presumption of validity accorded to issued patents.

Because the damages under Section 289 are total profits, during the pendency of litigating the manufacturer suit, the damages calculation against the Retail Defendant will continue to accrue. 35 U.S.C. § 289, *see Bergstrom*, 496 F.Supp. at 495–96. Based upon past sales, this greater amount of money will almost ensure that the Retail Defendant will litigate the case all over. Preserving the stay would therefore confound the principles of judicial economy and efficiency that guided Judge Clark when he issued the stay of the 13-7099 action.

### C. Judicial Economy is Best Served by Consolidating the Remaining Two Cases and Staying Damages for Defendant Wal-Mart.

In dissolving the stay in the 13-7099 Retail Defendant action, judicial economy is best served by consolidating the 13-7099 case into the 13-1758 case. Similar to the "Russian nesting dolls" that Judge Clark dealt with when issuing the order that streamlined the present action and stayed the actions against the Retail Defendants, the present scenario has only two parties that are like two peas in a pod—they are being accused of infringing the same patent claims for the same accused products. The only difference between the Defendants is the amount of damages. Plaintiffs would agree that the interests of judicial economy favor staying the determination of damages against Wal-Mart.

By staying the determination of damages as to Wal-Mart, the Defendants no longer have any substantive differences. As recognized by Judge Clark, the manufacturer and retail defendant actions have the "same issues of infringement, validity, and unenforceability." (Case No. 1:13-cv-07099, Dkt. No. 64, PageID: 887).

### III. CONCLUSION

For the reasons set forth herein, the landscape of the action before the Court has changed from the time when Judge Clark issued the stay of the 13-7099 case. In order to keep with the guiding principles laid out by Judge Clark, Plaintiffs respectfully request that the Court dissolve the stay of the 13-7099 case so as to consolidate the 13-7099 case into the 13-1758 case for all matters, and the 13-7099 should be administratively closed. The 13-1758 case should then proceed with all issues except for the one issue of the determination of damages of Wal-Mart, for which Plaintiffs agree that staying that issue would be in the interests of judicial economy.

Dated: July 14, 2015

Respectfully submitted,

*s/ George C. Jones*
Thomas R. Curtin
George C. Jones
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
Telephone:   (973) 292-1700
Facsimile:   (973) 292-1767
E-mail:   tcurtin@GrahamCurtin.com
         gjones@GrahamCurtin.com

Edward F. McHale *(pro hac vice)*
Brian M. Taillon *(pro hac vice)*
Kenneth W. Cohen *(pro hac vice)*
McHALE & SLAVIN, P.A.
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone:   (561) 625-6575
Facsimile:   (561) 625-6572
E-mail:   litigation@mchaleslavin.com

*Attorneys for Plaintiffs*