```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____

BLUE GENTIAN, LLC, et al.,

              Plaintiffs,          Civil No. 13-1758 (NLH/AMD)
     v.
                                          OPINION
TRISTAR PRODUCTS, INC., et al.,

              Defendants.
_____
```

**APPEARANCES:**

GRAHAM CURTIN, P.A.
By: George C. Jones, Esq.
4 Headquarters Plaza
P.O. BOX 1991
Morristown, New Jersey 07962

    and

McHALE & SLAVIN, P.A.
By: Edward F. McHale, Esq.
    Kenneth W. Cohen, Esq.
    Andrew D. Lockton, Esq.
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
    Counsel for Blue Gentian, LLC; National Express, Inc.; Michael
    Berardi; Cheryl Berardi; DAP Products, Inc. and E. Mishan and
    Sons, Inc.

BAKOS & KRITZER
By: Noam J. Kritzer, Esq.
    Edward P. Bakos, Esq.
147 Columbia Turnpike
Florham Park, New Jersey 07932
    Counsel for Tristar Products, Inc.; Wal-Mart Stores, Inc.; and
    Ragner Technology Corporation

PRYOR CASHMAN
By: Jeffrey L. Snow, Esq.
7 Times Square

1

New York, New York 10036
    Counsel for Telebrands Corporation

**HILLMAN, District Judge**

Presently pending in this District are seven cases[1] involving various patents, all concerning expandable hose technology, which are undisputedly "related" under the Court's local rule.[2] For reasons that are difficult to entirely reconstruct at this point, not all of the cases were properly designated, or immediately

---

[1] The cases, listed in the order in which they were filed, are: (1) *Blue Gentian, LLC and National Express, Inc. v. Tristar Prods., Inc. and Wal-Mart Store, Inc.*, 1:13-cv-1758-NLH-AMD (hereinafter "*Blue Gentian*"); (2) *Tristar Prods., Inc. and Ragner Tech. Corp. v. Nat'l Express, Inc., DAP Prods., Inc. and E. Mishan and Sons, Inc.*, 2:13-cv-7752-ES-MAH (hereinafter "*Tristar*"); (3) *Ragner Tech. Corp. and Tristar Prods., Inc. v. Michael Berardi (member of Blue Gentian, LLC), Cheryl Berardi (member of Blue Gentian, LLC), and Nat'l Express, Inc.*, 1:15-cv-7752-NLH-AMD (hereinafter "*Ragner I*"); (4) *Telebrands Corp. v. Ragner Tech. Corp. and Tristar Prods., Inc.*, 2:15-cv-3163-ES-MAH (hereinafter "*Telebarands I*"); (5) *Ragner Tech. Corp. and Tristar Prods., Inc. v. Telebrands Corp.*, 2:15-cv-8185-ES-MAH (hereinafter "*Ragner II*"); (6) *Telebrands Corp. v. Ragner Tech. Corp. and Tristar Prods., Inc.*, 2:16-cv-3474-ES-MAH (hereinafter "*Telebrands II*"); and (7) *Telebrands Corp. v. Ragner Tech. Corp. and Tristar Prods., Inc.*, 2:16-cv-3594-ES-SCM (hereinafter "*Telebrands III*").

[2] *See* L. Civ. R. 40.1(c)("When a civil action: (1) relates to any property included in a case already pending in this Court; (2) grows out of the same transaction as any case already pending in this Court; or (3) involves the validity or infringement of any patent, copyright or trademark which is involved in a case already pending in this Court, counsel shall at the time of filing the action inform the Clerk of such fact. Whenever possible, such action shall be assigned to the same Judge to whom the pending related action is assigned.").

2

recognized, as being related.  Now, more than four years after the above-captioned case was filed, Defendants to this suit, Tristar Products, Inc., and Wal-Mart Stores, Inc., move to consolidate this case, and *Ragner I*, both pending before the undersigned here in this District's Camden Vicinage, with four other cases pending before District Judge Salas in this District's Newark Vicinage: *Tristar*, *Telebrands I*, *Ragner II*, and *Telebrands III*.[3]

The Court held oral argument on the motion on March 8, 2017. For the reasons stated herein, the motion will be denied.

**I.**

**A.**

The Court recites portions of the interwoven procedural histories of the seven related cases to the extent those histories are relevant to, and provide context for, the instant Motion to Consolidate.

The above-captioned case, *Blue Gentian*, which is the first-filed of the seven cases, was filed on October 23, 2012 in the

---

[3] Tristar's papers request consolidation with only three of the five cases pending before Judge Salas.  However, during oral argument, counsel for Tristar orally modified the motion to include *Telebrands III*.

Similarly, Tristar's proposed order states that Tristar seeks "consolidat[ion] in this District under Civil Action No. 2:13-cv-07752-ES-MAH [*Telebrands*] for discovery and pretrial purposes." (Docket 13-1758, Entry #237-13)  At oral argument, counsel for Tristar clarified that Tristar seeks consolidation of the cases regardless of which case becomes the lead case-- i.e., regardless of whether the cases are consolidated in Camden or Newark.

3

Southern District of Florida. In March, 2013, upon Defendant Tristar's Motion, the case was transferred to this District.

*Tristar*, the second-filed case, was filed in this District on December 20, 2013. At the time *Tristar* was filed, it appears it could have been designated as a related case to *Blue Gentian* (which was, at the time, assigned to now-retired District Judge Hochberg). However, the civil cover sheet for *Tristar* does not identify any related cases.

After Tristar had successfully moved to transfer *Blue Gentian* from the Southern District of Florida to this Court, in May, 2014, Tristar and Ragner filed *Ragner I* in the Southern District of Florida. Presumably the choice to file in Florida, despite the two pending New Jersey cases, was based on personal jurisdiction concerns.[4] However, what seems to be more significant is the fact that after the Florida District Judge *sua sponte* raised the issue of the potentially related New Jersey litigation (See Docket 15-7752, Entry #47), Tristar took a position that appears to be in conflict with the position it takes here. In response to the Florida District Judge's order, Tristar identified both *Blue Gentian* and *Tristar*, but argued those cases were not sufficiently related to *Ragner I*:

> The Court has raised a concern that the federal antitrust

---

[4] Indeed, after *Ragner I* was transferred to New Jersey, the Berardi Defendants moved to dismiss for lack of personal jurisdiction.

4

claim in the instant action overlaps with the issues being adjudicated by the District of New Jersey in these cases. Plaintiffs respectfully submit that while the [*Blue Gentian*] action involves assertion of the patents which give rise to the claims in the present action, the District of New Jersey is solely concerned with the validity, enforceability, and potential infringement of those patents (i.e., the District of New Jersey will need to determine whether the Berardi patents were procured by inequitable conduct or fraud to determine if these patents are valid and enforceable). The District of New Jersey is not being asked to determine whether the actions of Michael Berardi, Cheryl Berardi, Edward Kelly, and National Express were tantamount to antitrust. While both Courts will look to overlapping facts, the analysis before this Court falls under an entirely different standard than the standard for inequitable conduct (fraud on the United States Patent and Trademark Office). That is, because the standards are different, this Court can determine whether Defendants' actions constitute an antitrust violation without fear of inconsistent rulings, even if the New Jersey Court finds that Defendants' patents are invalid due to inequitable conduct. Further, the Court in its Order recognizes that the present action also involves claims resounding in fraud and breach of contract to be adjudicated under the laws of the state of Florida, with respect to actions that occurred wholly within the state of Florida.

Plaintiffs respectfully submit that while the [*Tristar*] matter involves Ragner Technology Corp., Tristar Products, Inc., and National Express, Inc., the defendants Michael Berardi, Cheryl Berardi, and Edward Kelly are not parties to the action. Furthermore, the [*Tristar*] matter relates to the enforcement of patents owned by Ragner Technology Corp. and licensed to Tristar Products, Inc. The enforceability of the patents owned by Blue Gentian, LLC are not currently expected to be an issue in the [*Tristar*] matter, as the Ragner patents at issue have a priority date that long precedes the facts that give rise to Plaintiffs' antitrust claim presented in the present matter.

In response to the Court's stated concern regarding potentially inconsistent rulings with respect to the federal claims presented in the presently Amended Complaint, Plaintiffs respectfully submit that because

of the difference in scope and standard in the [*Blue Gentian*] matter, the different intellectual property at issue in the [*Tristar*] matter, and the intricacies of applying laws of the state of Florida to the presented facts, inconsistent rulings are highly unlikely.

(Docket 15-7752, Entry #49, p. 2-3)

Thereafter, on May 5, 2015 the '076 patent was issued.[5] On the same day, *Telebrands I* was filed in this District. *Telebrands I* was designated as related to both *Blue Gentian* (at that point assigned to the undersigned) and *Tristar*, and assigned to District Judge Salas, in Newark, who was (and is) presiding over *Tristar*.

Then, Tristar and Ragner filed *Ragner II* in the District of Delaware. This time, like *Ragner I*, it appears that the initial choice to file in a court other than the District of New Jersey may have been driven by personal jurisdiction concerns. However, *Ragner II* was ultimately transferred to this District on the defendants' motion. Notably, Tristar opposed transfer to New Jersey (see Docket 15-8185, Entry #16), even though by that time-- October, 2015-- Tristar was both a plaintiff and a defendant in related actions pending in New Jersey (*Blue Gentian*, *Tristar,* and *Telebrands I*), and the motion to transfer *Ragner I* to New Jersey was pending in Florida.[6]

---

[5] Tristar asserts that the '076 patent is "pivotal" to the entire "constellation" of cases.

[6] The Motion to Transfer *Ragner I* was granted. Later, Magistrate Judge Hammer granted consolidation of *Tristar*, *Telebrands I*, and

6

Lastly, *Telebrands II* and *Telebrands III* were both filed originally in this District in 2016. Upon the filing of each complaint, Telebrands' counsel indicated that the cases were related to *Telebrands I* and *Ragner II* but omitted the two cases pending before the undersigned, *Blue Gentian* and *Ragner I*.[7]

**B.**

*Blue Gentian*-- claims and status

In *Blue Gentian* the Fifth Amended Complaint is the operative complaint. Plaintiffs assert direct and indirect infringement of the '941, '942, '776, '213, '681, and '186 patents. Defendants counterclaim for declarations of non-infringement, invalidity, and unenforceability as to all of the patents-in-suit.

*Markman* briefing has been completed, but the Court has not yet held the *Markman* hearing.

---

*Ragner II* over Tristar's objection that *Tristar* should not be included in the consolidation.

[7] The Court does not imply that *Blue Gentian* and *Ragner I* were omitted in bad faith. To the contrary, the Court has no basis to conclude that any counsel appearing in any of the seven cases deliberately intended to mislead this Court, or any other Court, at any time.
    The Court recognizes that each of these cases are complex in their own right, and that intervening events-- such as the issuance of the '076 patent in May, 2015, the reexamination of that patent at the USPTO, and subsequent appeal to the PTAB (which is still pending), in addition to transfers between Courts and reassignments within this District-- further complicate the situation. Indeed, it is precisely such complexity that supports the Court's conclusion that consolidation is inappropriate.

*Ragner I*-- claims and status

The *Ragner I* suit is arguably the most different from the other suits insofar as it does not assert any patent claims. Rather, the parties sometimes refer to this case as "the antitrust suit" because plaintiffs assert claims for monopolization and attempted monopolization of the expandable hose market, as well as common law claims for fraud and breach of contract. However, those legal claims are based on factual allegations that the Berardi Defendants "fraudulently obtained patents from the United States Patent and Trademark Office ("USPTO"), including but not limited to . . . the '941 patent, . . . the '942 patent, . . . and . . . the '776 patent." (Second Amend. Compl. ¶ 47)

No Answer to the Second Amended Complaint has been filed. Motions to Dismiss have been filed, but the motions have been administratively terminated pending the disposition of the issue, raised *sua sponte* by the Court, whether the entire case should be stayed pending disposition of *Blue Gentian*.

*Tristar*-- claims and status

The Third Amended Complaint is the operative complaint in *Tristar*.[8] It asserts claims for direct and indirect infringement of

---

[8] Even the Third Amended Complaint, which was filed in April, 2016, includes the following certification, "[Tristar and Ragner], by their undersigned counsel, hereby certify pursuant to Local Civil Rule 11.2 that the matters in controversy are not the subject of any other action pending in any other court or of any other pending

the '448, '836, and '076 patents. Defendants assert counterclaims for false patent marking of all three patents-in-suit, as well as claims for declarations of: (a) non-infringement and invalidity as to all three patents-in suit; and (b) unenforceability of the '836 and '076 patents due to inequitable conduct before the USPTO.

*Markman* briefing has been completed, but the Court has not yet held the *Markman* hearing.

*Telebrands I*-- claims and status

The First Amended Complaint seeks declarations of invalidity and non-infringement as to the '076 and '448 patents, as well as a declaration that the '076 patent is unenforceable. Defendants assert counterclaims for infringement of the '076 and '448 patents.

In August 2016, Judge Salas denied Telebrands' Motion to Dismiss the counterclaim for infringement of the '076 patent.

*Ragner II*-- claims and status

This suit asserts one claim for infringement of the '448 patent. Defendants assert counterclaims for declarations of invalidity and non-infringement of the '448 patent, as well as claims for tortious interference with contracts and malicious use of process.

Motions to dismiss were pending but were administratively

---

arbitration or administrative proceeding." (Docket 13-7752, Entry #122-2, p. 22 of 147)

terminated pending disposition of the instant motion.

*Telebrands III*-- claims and status

The Complaint seeks declarations that the '944 patent, alleged to be a continuation of the '076 patent, is invalid, non-infringing, and unenforceable. Defendants assert counterclaims for infringement of the '944 patent.

Defendants have also moved to dismiss Count III (the declaration of unenforceability count) of the Complaint but Judge Salas has administratively terminated that motion pending the disposition of the instant motion.

**II.**

Federal Rule of Civil Procedure 42(a)(2) provides in relevant part, "[i]f actions before the court involve a common question of law or fact, the court *may* . . . consolidate the actions." (emphasis added).

"'[C]onsolidation is permitted as a matter of convenience and economy in administration.'" *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 298 (3d Cir. 2005)(quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933)). "While the existence of common issues is a prerequisite for consolidation, their mere presence does not compel consolidation. . . . [W]hen exercising its discretion on a consolidation motion, a court should weigh the interests of judicial economy against the potential for new delays,

expense, confusion, or prejudice." *Margolis v. Hydroxatone, LLC*, 2013 WL 875987, at *2 (D.N.J. Mar. 6, 2013)(internal citations and quotations omitted).

**III.**

The question presented is whether the Court should consolidate *Blue Gentian* and *Ragner I* with the consolidated cases in *Tristar* (i.e., *Tristar*, *Telebrands I*, and *Ragner II*), as well as *Telebrands III*. The parties do not dispute that the cases share at least one common issue of law or fact that would allow consolidation under Rule 42(a)(2). The existence of one or more common issues however, does not end the Court's analysis. Given the complexity of each of these cases, and the length of time that these cases have been litigated independently of one another, the Court must carefully consider whether consolidation this far into the respective litigations-- particularly the independent litigations of *Blue Gentian* and *Tristar*[9]-- would further judicial economy. The Court holds that it would not. Rather, the Court concludes that consolidating at this time *Blue Gentian* and *Ragner I* with the other actions would result in one massive and unwieldly consolidated suit involving complex issues of patent and antitrust law, all at various stages in their respective litigations.

---

[9] To date, *Blue Gentian's* docket has over 245 entries; *Tristar's* docket has over 145 entries.

11

Moreover, there is a logical line of demarcation between Blue *Gentian / Ragner I* and the other cases. While the cases all involve, to one extent or another, patents covering expandable hose technology, not all of the patents are directly at issue in every case. Rather, the pleadings indicate that at least the '941, '942, and '776 patents are most directly implicated in both *Blue Gentian* and *Ragner I*, whereas all four of the other actions very clearly implicate the asserted infringement, invalidity, *et cetera*, of the '448 and '076 patents.[10]

Further underscoring this logical demarcation line are the parties' Joint Claim Construction Prehearing Statements, *see* Local Patent Rule 4.3, in *Blue Gentian* and *Tristar*. The claims to be construed in *Blue Gentian* are entirely different from the claims to be construed in *Tristar*. There is not a single overlapping term.

Lastly, insofar as Tristar argues that consolidation would avoid the problem of litigating similar issues before two different District Judges and two different Magistrate Judges, the Court observes that the problem is, to some extent, one of Tristar's own (intentional or unintentional) making, as demonstrated by the

---

[10] Thus the Court disagrees with Tristar and Ragner's assertion that the reasoning of Judge Hammer's consolidation opinion in the *Tristar* action supports further consolidation of *Blue Gentian* and *Ragner I*. Simply put, there is less overlap and more differences between *Blue Gentian* and *Ragner I* on one hand, and the four other actions on the other, than there is among the individual suits within the consolidated *Tristar* action.

extensive discussion of each case's procedural history above.

**IV.**

For the reasons stated above, Defendants' Motion to Consolidate will be denied.  An appropriate order accompanies this opinion.


Dated: April 11, 2017                    __s/ Noel L. Hillman____
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.