UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| BLUE GENTIAN, et al., | CIVIL NO. 13-1758 (NLH/AMD) |
| Plaintiffs, | |
| | **OPINION** |
| v. | |
| | **FILED UNDER SEAL** |
| TRISTAR PRODUCTS, INC., et al., | |
| Defendants. | |

_____

**APPEARANCES:**

DAVID S. STONE
BRADFORD W. MULLER
STONE & MAGNANINI LLP
100 CONNELL DRIVE, SUITE 2200
BERKELEY HEIGHTS, NJ 07922

    *Attorneys for Plaintiff Telebrands Corp.*

EDWARD PAUL BAKOS
NOAM JOSEPH KRITZER
BAKOS & KRITZER
147 COLUMBIA TURNPIKE
FLORHAM PARK, NJ 07932

J. STEVEN BRAUGHMAN (PRO HAC VICE)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP
2001 K STREET, NW
WASHINGTON, DC 20006-1047

    *Attorneys for Defendant Tristar Products, Inc.*

**HILLMAN**, District Judge

    Presently before the Court is Defendant Tristar Product

Inc.'s ("Tristar") Motion to Quash the Subpoena of Tristar CEO

Keith Mirchandani ("Motion to Quash"), Plaintiff Telebrands

Corp.'s ("Telebrands") Motion for Targeted Supplemental Discovery to Defendant Tristar Products, Inc. ("Supplemental Discovery Motion"), and Plaintiff Telebrands' August 31, 2018 Motion to Seal.  For the reasons stated herein, this Court will deny Defendant Tristar's Motion to Quash, grant Plaintiff Telebrands' Supplemental Discovery Motion, and grant Plaintiff Telebrands' Motion to Seal.

<u>**BACKGROUND**</u>

This case has a lengthy and complicated factual and procedural history.  In lieu of recounting those details, which have been penned by this Court numerous times over the years of this litigation, this Court will focus on only the details relevant to the consideration of the motions disposed of in this Opinion.

On September 5-7, 2018, this Court commenced a hearing on correction of inventorship ("Inventorship Hearing").  At the Inventorship Hearing, testimony from three Telebrands employees (Ajit Khubani, Chief Executive Officer, Bala Iyer, Chief Operating Officer, and Manish Israni, Vice President of New Product Acquisition and Research) was elicited by Tristar. Generally, the testimony concerned whether Telebrands received a prototype or propriety information from Ragner Technology Corp. ("Ragner Tech.") and whether, if received, the prototype or

proprietary information led to the development of the Pocket Hose.

During the hearing, counsel for Telebrands, disclosed his intent to call the Chief Executive Officer of Tristar, Keith Mirchandani, and served a subpoena upon counsel for Tristar (which was accepted). It was later disclosed (in more detail), through the instant briefing, that Telebrands proposed that Mirchandani would testify to the development of the Flex-Able Hose and whether that involved the use of any Ragner Tech. prototypes or proprietary information. The Court indicated, but did not finally decide, that it would permit this testimony.

After about a month had passed since the Inventorship Hearing was adjourned (to resume at the end of January 2019), Telebrands filed the Supplemental Discovery Motion. The Supplemental Discovery Motion requested Tristar to respond to a limited set of interrogatories and document requests to allow Telebrands to prepare for Mirchandani's planned Inventorship Hearing testimony.[1] Tristar opposed discovery, asserting in its opposition papers that it did not believe Mirchandani's testimony was relevant to the issues pending at the Inventorship Hearing and that the discovery request was untimely.

---

[1] The Court notes for the record that discovery was closed in this matter before the Supplemental Discovery Motion was filed.

Approximately a month later, in mid-December, Tristar filed the Motion to Quash, now explicitly arguing Mirchandani's proposed testimony was irrelevant and should not be required.[2] Telebrands opposed the Motion to Quash, maintaining Mirchandani's proposed testimony was relevant.  Telebrands a motion to seal on August 31, 2018.[3]  As all the motions discussed have been fully briefed, they are ripe for adjudication.

## ANALYSIS

### A.    Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a).

### B.    Motion to Quash Standard

A motion to quash a subpoena is governed by Federal Rule of Civil Procedure 45.  A court may quash a subpoena when it "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iv).  In cases involving a trial subpoena, the first inquiry, however, is not whether there is an undue burden, but whether the proposed testimony is relevant and admissible.   In

---

[2] To be clear, Tristar indicated it would oppose the subpoena in a separate filing.  (See Tristar Opp'n Br. to Suppl. Disc. Mot. 5 n.5.)

[3] The Court understands this is unrelated to the briefing currently under consideration.  However, in the interests of efficiency, it will consider this motion to seal now and the motions to seal related to this briefing in a separate order once all are filed with the Court.

re Kayati, No. 15-24280 (JNP), 2018 Bankr. LEXIS 1302, at *9 (Bankr. D.N.J. Apr. 30, 2018) (citing Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Ams., 262 F.R.D. 293, 297 (S.D.N.Y. 2009)).  If the proposed testimony is not relevant – or relevant but inadmissible – a court should quash the subpoena.  Id. (citing Amazon.com, Inc. v. Comm'r, 108 T.C.M. (CCH) 588, at *2 n.3 (T.C. 2014)).

If the subpoena requests the testimony of a high-level executive, the "apex doctrine" may also apply.  Under the apex doctrine, the "party seeking to quash a subpoena [still] bears the 'heavy burden' of demonstrating that the subpoena represents an undue burden."  United States ex rel. Galmines v. Novartis Pharms. Corp., No. 06-3213, 2015 U.S. Dist. LEXIS 109997, at *4 (E.D. Pa. Aug. 20, 2015) (citing Frank Brunckhorst Co. v. Ihm, No. 12-0217, 2012 U.S. Dist. LEXIS 15186, at *4 (E.D. Pa. Oct. 23, 2012)).  But, the "apex doctrine does . . . apply a rebuttable presumption that a high-level official's [trial testimony] represents a significant burden . . . and that this burden is undue."  Id. (citing Performance Sales & Mktg. LLC v. Lowe's Cos., Inc., No. 5:07-cv-00140-RLV, 2012 U.S. Dist. LEXIS 131394, at *3-4 (W.D.N.C. Sept. 14, 2012)).  Thus, the party requesting the trial testimony should show the court that the individual "has personal or superior unique knowledge of the facts alleged" and "whether the information could be obtained

from lower level employees or through less burdensome means."

Id.

### C.    Motion to Quash

First, this Court will address Defendant Tristar's Motion to Quash.  Tristar presents several arguments in support of its Motion to Quash as to why Mirchandani should not be required to appear at the Inventorship Hearing and offer testimony.  First, Tristar argues this subpoena is merely "tit-for-tat," as Plaintiff Telebrands was previously required to produce several of its own executives to testify at the Inventorship Hearing.  Second, Tristar argues the proposed testimony of Mirchandani is not relevant to the issues being examined at the Inventorship Hearing.  Third, Tristar argues the proposed testimony – even if relevant – is not admissible as it is cumulative.  Fourth, Tristar argues even if the proposed testimony is relevant and admissible, it is an undue burden based on the "apex doctrine." Plaintiff Telebrands resists these arguments on all fronts, arguing the proposed testimony is relevant, admissible, and not an undue burden to Mirchandani.

The Court will first address the argument that this subpoena is merely "tit-for-tat."  This Court finds this argument ultimately has no bearing on the disposition of the pending motion.  While this Court is not unsympathetic to Tristar's argument and is not blind to the fact that a

6

reasonable observer might question whether "revenge" may have been a factor motivating Tristar's decision, this argument does not provide the Court with a legal basis on which to provide relief.  Here, a suspicious motive cannot alter this Court's path if the subpoena is independently and legally permissible.

Thus, this Court must next determine whether Mirchandani's testimony is relevant.  As discussed supra, a subpoena should only be quashed on relevance grounds if the proposed testimony is not relevant to the issues at the Inventorship Hearing.  But, relevance is a very low bar.  See Gibson v. Mayor & Council of Wilmington, 355 F.3d 215, 232 (3d Cir. 2004) ("The definition of relevant evidence is very broad[,] . . . Rule 401 'does not raise a high standard' . . . and . . . while Rule 401 gives 'judges great freedom to admit evidence, [it] diminishes substantially their authority to exclude evidence as irrelevant.'" (citations omitted)).  Evidence is relevant if it makes any material fact more or less likely.  FED. R. EVID. 401 ("Evidence is relevant if . . . it has any tendency to make a fact more or less probable . . . [and] the fact is of consequence in determining the action.").

Tristar argues Mirchandani's proposed testimony is not relevant.  Tristar argues this testimony is not relevant to rebut its corroboration evidence because it rebuts arguments that Tristar does not advance and has never made.  Tristar

7

asserts the testimony of Telebrands' executives was meant to show that Telebrands developed its Pocket Hose product based on a Ragner Tech. prototype or proprietary information.  This was necessary because Telebrands' had denied that fact in the past, allegedly asserting the basis for its Pocket Hose was Berardi's XHose.  This is relevant to the hearing on inventorship because it allegedly shows that the license holder for the Berardi patents actually based its product design on Ragner Tech.'s proprietary information or prototypes.  This may corroborate the fact that proprietary information shared by Ragner Tech. with Berardi was the basis for Berardi's patents and that Gary Ragner should be added as a co-inventor to the Berardi patents at issue – which is at the very heart of this hearing.

Tristar's interpretation of the evidence, however, is more concrete than the evidence on the record allows.  The Iyer deposition testimony cited states the "Micro Hose led to the development of the Pocket Hose."  While this may suggest the design of the Pocket Hose was based on the MicroHose, this is not absolute proof.  What "led to the development" means in this context is uncertain.  The Forbes article cited by Tristar fares no better.  The statement which Tristar assert proves Telebrands used the design of the MicroHose to create the Pocket Hose was one made by the journalist and not one directly made by Khubani.  Again, while this tends to suggest the MicroHose was adapted to

8

develop the Pocket Hose, it does not make that evidence unassailable or absolute.[4]

Telebrands argues Mirchandani's proposed testimony would rebut this evidence. Admittedly, it does not directly rebut this evidence – because it does not include testimony of someone with knowledge of what occurred at Telebrands. But, it does rebut two arguments made by Tristar. First, to the extent it is unclear whether Telebrands relied on Ragner Tech. prototypes or proprietary information, this testimony would rebut the implication that these were the bases for Telebrands' Pocket Hose. Rebuttal of evidence already deemed relevant would itself be relevant in this situation.[5] Second, it could tend to corroborate Berardi's theory that Ragner Tech. prototypes or proprietary information were not used in the development of Berardi's patents. This goes to the heart of the Inventorship

---

[4] This Court does not intend this discussion to be a decision on its final interpretation of the evidence. The Court reserves decision on whether this evidence supplies enough proof to determine Telebrands adapted the MicroHose in its creation of the Pocket Hose. But, for purposes of this Opinion alone, this Court does determine that there is an open question of whether the Microhose was either used or was necessary to the development of the Pocket Hose.

[5] Although not explicitly stated, this is implied by Tristar's arguments. It does not appear that Tristar would argue that testimony rebutting evidence already on the record is not relevant.

Hearing and is therefore relevant.  Relevance's low bar has been met here.

Next, the Court must address whether this evidence is admissible.  Tristar argues it is not admissible because, even though it is relevant, it would be cumulative.  Tristar states it concedes Telebrands argument that (1) it did not have access to any Ragner Tech. materials, (2) it developed the Flex-Able Hose in the absence of Ragner Tech. materials, and (3) it is possible to develop an expanding and contracting hose without wire-biasing in the absence of Ragner Tech. materials. Telebrands asserts that the very filing of opposition papers shows those facts may be contested – or at least that Tristar has refused to stipulate to those facts.  Even if those points are conceded, Telebrands argues sworn statements are necessary.

This Court finds Telebrands' arguments here persuasive. Statements made in briefing – in an argument in the alternative, no less – are not equivalent to a sworn affidavit, stipulation, trial testimony, or the like.  This Court leaves it to the parties to determine what format is satisfactory to prove these points formally on the record.  The Court, however, cannot find that a vow to not contest the facts at issue is equivalent to affirmative proof or negates the need for testimony.  Thus, this evidence is not cumulative under the meaning of Federal Rule of

Evidence 403 as the Court finds the evidence is not on the trial record.

Finally, the Court must address whether the apex doctrine would render this proposed testimony an undue burden. To the extent Tristar relies upon the argument that the testimony is irrelevant or inadmissible as a basis for the burden, that argument is unpersuasive for the same reasons discussed immediately _supra_. Although this appears to be the only argument vigorously pressed by Tristar, this Court will still consider the apex doctrine more broadly under the instant set of facts.

As directed, the Court assumes the rebuttable presumption that Mirchandani's testimony would be an undue burden. Next, the Court must determine whether Mirchandani has personal knowledge and whether the information could be obtained from another, lower-level employee or less burdensome means. It appears Mirchandani has personal knowledge of these issues. He has been deposed twice in related cases and in one of the related cases, Tristar specifically identified Mirchandani as the person knowledgeable about allegations of patent infringement. (Telebrands' Opp'n to Motion to Quash 2, n. 1.)[6]

---

[6] While infringement is not generally relevant to the Inventorship Hearing, the underlying facts that may animate infringement certainly are. It is those facts that Tristar

11

More importantly, Telebrands asserts he was intimately involved in the creation of the Flex-Able Hose. (Id. at 2.) Tristar does not dispute any of these assertions. The Court finds that Mirchandani does have personal knowledge of the proposed testimony.

Moreover, it does not appear that the information possessed by Mirchandani is particularly possessed by anyone else. No other possible witnesses have been identified by either Telebrands or Tristar. This Court thus finds that the proposed testimony cannot be elicited from a lower-level employee. Finally, this Court finds the means is not unduly burdensome. Mirchandani will, according to Telebrands, only be subject to an hour of testimony. Since Mirchandani has otherwise attended the Inventorship Hearing and his testimony will be brief, testimony in Court is not a burdensome means of eliciting this information. While other, less burdensome means are indeed available, like affidavit or stipulation, this Court finds those means are not equivalent. Those means may – in theory – closely approximate trial testimony, but do not always prove equivalent in practice.[7] Thus, this Court will strongly encourage the

---

admits Mirchandani has personal knowledge of and is the best – seemingly only – witness available at Tristar.

[7] Based on the hotly-contested nature of this issue (and this litigation) the Court finds it imprudent to require the parties

parties to draft whatever papers they find necessary if they wish to avoid the prospect of Mirchandani testifying.  The Court will be mindful of Mirchandani's time, as it was with the Telebrands' witnesses, and the Court reminds Telebrands' counsel of their promise to keep Mirchandani's testimony concise.

### D.    Supplemental Discovery Motion

As discussed supra, this Court has determined that the testimony of Mirchandani is relevant to this case.  Therefore, this Court must now determine whether the requested supplemental discovery is appropriate in this matter.  Tristar presents three arguments in opposition to supplemental discovery.  First, Tristar argues the requested recovery is not relevant, basing its arguments exclusively on the grounds discussed supra. Second – and relatedly, Tristar argues the requested discovery rebuts arguments it has not made (also discussed supra). Finally, Tristar argues the discovery requests are untimely as discovery has closed in this matter.  As Tristar's first two arguments were discussed and decided supra, this Court will not address them again here.

Thus, this Court must only decide whether the discovery request was made too late.  It was not.  While it would have been better for Telebrands to have requested this discovery

---

to rely solely on these other means when it is clear Telebrands has the right to elicit this testimony.

during the discovery period, it understands Telebrands strenuously and continuously objected to questioning of the Telebrands' executives.  These objections were only finally decided during the Inventorship Hearing and Telebrands moved expeditiously after the ruling was on the record to secure the testimony of Mirchandani and accompanying discovery.  The record remains open in the Inventorship Hearing and, as this Court stated to the parties on the record, it plans to keep the record open until the parties have presented all evidence relevant to the matter.  This Court must decide the issue of inventorship, and it finds it imprudent and unwise to shut its eyes to relevant evidence merely because the continuation of the Inventorship Hearing draws near.

Thus, this Court will grant the Supplemental Discovery Motion.  The parties will comply with the directives contained in the accompanying Order in completing this discovery.

**E.   Motion to Seal**

Finally, this Court considers the motion to seal filed by Telebrands on August 31, 2018.  The August 31, 2018 Motion to Seal (ECF No. 427) concerns material filed within a motion to quash and attached exhibits which would reveal sensitive, non-public commercial information.  Redacted copies of the brief and exhibits have been publicly filed on the docket.  (See ECF No. 411.)  Thus, Telebrands only seeks to seal the unredacted brief

14

and exhibits. (ECF No. 409.)  Because this Motion to Seal is unopposed, concerns sensitive, non-public information that could cause harm to Telebrands if released to the public, and the least restrictive means have been utilized – here allowing the public access to a redacted version of the brief and exhibits – this Court finds Telebrands has shown good cause and satisfied Local Rule of Civil Procedure 5.3(c).  Accordingly, this Court will grant Telebrands' August 31, 2018 Motion to Seal.

## CONCLUSION

Based on the foregoing analysis, this Court will deny Defendant Tristar's Motion to Quash, grant Plaintiff Telebrands' Supplemental Discovery Motion, and grant Plaintiff Telebrands' August 31, 2018 Motion to Seal.

An appropriate Order will be entered.


Date: __January 18, 2019__          __s/ Noel L. Hillman__
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

15