**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

———————————————

BLUE GENTIAN, et al.,                    1:13-cv-1758

              Plaintiffs,        **OPINION**

     v.

TRISTAR PRODUCTS, INC., et
al.,
             Defendants.

———————————————

<u>**APPEARANCES**</u>:

DAVID S. STONE
BRADFORD W. MULLER
STONE & MAGNANINI LLP
100 CONNELL DRIVE, SUITE 2200
BERKELEY HEIGHTS, NJ 07922
    *Attorneys for Plaintiff Telebrands Corp.*

GEORGE C. JONES
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 MOUNT KEMBLE AVENUE
PO BOX 2075
MORRISTOWN, NJ 07962-2075

and

EDWARD F. MCHALE
KENNETH W. COHEN
ANDREW D. LOCKTON
MCHALE & SLAVIN, P.A.
2855 PGA BOULEVARD
PALM BEACH GARDENS, FL 33410
    *Attorneys for Blue Gentian, LLC and National Express, Inc.*

EDWARD PAUL BAKOS
NOAM JOSEPH KRITZER
BAKOS & KRITZER
147 COLUMBIA TURNPIKE
FLORHAM PARK, NJ 07932

*Attorneys for Defendant Tristar Products, Inc., Wal-Mart Stores, Inc. d/b/a/ Sam's Club, and Sam's Wholesale Club.*

J. STEVEN BRAUGHMAN
MEGAN RAYMOND
PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP
2001 K STREET, NW
WASHINGTON, DC 20006-1047
   *Attorneys for Defendant Tristar Products, Inc.*

**HILLMAN**, District Judge,

This matter comes before the Court upon motion for clarification by Defendants and Plaintiffs' motion to certify judgment under Rule 54(b) and motion to stay an order and judgment and certain proceedings pending appeal.  After considering the submissions of the parties,[1] and based upon the following, this Court will grant Defendants' motion for clarification pursuant to L.Civ.R. 7.1(i) and will deny Plaintiffs' motion to certify judgment and motion to stay pending appeal without prejudice.  Finally, the Court will issue a temporary stay for ninety days to allow the parties additional time to complete mediation efforts.

---

[1] On February 24, 2020, Defendants filed a motion for leave to file a reply to their motion for clarification.  On March 23, 2020, Plaintiffs objected to this motion for leave based on Local Civil Rule 7.1(d)(3), which prohibits a party from filing reply papers in support of a motion for reconsideration under Rule 7.1(i) without first obtaining leave of the court.  See ECF No. 564 (citing Treusch v. Center Square Supermarket, LLC, No. 11-4874, 2013 U.S. Dist. LEXIS 49349, at *4 n.1 (D.N.J. Apr. 5, 2014)).  The Court has considered all submissions and will grant Defendants' motion for leave.

## BACKGROUND

This case has a lengthy and complicated factual and procedural history.  In lieu of recounting all the details of this matter, this Court will focus on only the details relevant to the consideration of the matters disposed of in this Opinion.

The issue currently before the Court stems from a larger dispute between the Plaintiffs, Blue Gentian, National Express, and Telebrands Corp., and the Defendants, Tristar Products, and Wal-Mart Stores.[2]  Plaintiffs market, promote, distribute, and sell a garden hose known as the "XHose."  Blue Gentian owns several patents related to the XHose.  Defendants also produce and promote a garden hose known as the "Flex~Able Hose."  In a matter not currently before the Court, Plaintiffs allege that Defendants have infringed on Plaintiffs' patents for the XHose.

In July 2017, Defendants moved under Federal Rule of Civil Procedure 42(b) for a hearing on correction of inventorship for the Berardi patents-in-suit pursuant to 25 U.S.C. 256.  On January 21, 2020, this Court issued an opinion granting Defendants' motion for correction of inventorship.  In

---

[2] As of May 13, 2020, Walmart Inc. has been dismissed as a party to this case.  See ECF No. 565.

accordance with this Opinion, the Court ordered that Gary Ragner
be added to six patents-in-suit as a co-inventor.[3]

On January 30, 2020, Defendants filed a motion for
clarification.  On January 31, 2020, Plaintiffs filed a motion
requesting a certification of judgment under Rule 54(b) and a
motion for stay of order, judgment, and certain proceedings
pending appeal. These matters have been fully briefed and are
ripe for adjudication.

**DISCUSSION**

**A. Subject Matter Jurisdiction**

This Court has subject matter jurisdiction over this matter
pursuant to 28 U.S.C. § 1338(a). ("The district courts shall
have original jurisdiction of any civil action arising under any
Act of Congress relating to patents, plant variety protection
copyrights and trademarks.").

**B. Standard of Review for a Motion for Clarification**

"The general purpose of a motion for clarification is to
explain or clarify something ambiguous or vague, not to alter or
amend."  Resolution Trust Corp. v. KPMG Peat Marwick, No. 92-
1373, 1993 U.S. Dist. LEXIS 16546, at *5 (D.N.J. June 8, 1998).
In contrast, the purpose of a motion for reconsideration is to

---

[3] Four of these patents are utility patents: U.S. Patent No.
8,291,941, U.S. Patent No. 8,291,942, U.S. Patent No. 8,479,776,
and U.S. Patent No. 8,757,213.  Two of these patents are design
patents: U.S. Patent No. D722,681, and U.S. Patent No. D724,186.

"correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171, (1986) (citation omitted).  In this district, motions for clarification are "often evaluated under the standard for a motion for reconsideration." Asirifi v. Omni Asset Management, LLC, No. 11-4039, 2013 U.S. Dist. LEXIS 129584, at * 4 (D.N.J. Sept. 11, 2013) (citing Fastware, LLC v. Gold Type Bus. Machines, Inc., No. 09-1530, 2009 U.S. Dist. LEXIS 59866 (D.N.J. July 14, 2009) and Nye v. Ingersoll Rand Co., No. 08-3481, 2011 U.S. Dist. LEXIS 7383 (D.N.J. Jan. 25, 2011)).

Under Local Rule 7.1(i), the moving party must demonstrate either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (alteration in original)(citations omitted); see also Spyer v. Navient Solutions, Inc., No. 15-3814, 2016 U.S. Dist. LEXIS 137329, at *1 (D.N.J. Oct. 4, 2016) ("A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion []; or (3) the need to correct a clear

error of law or fact or to prevent manifest injustice.") (citing

Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d

669, 677 (3d Cir. 1999)).

**C. Defendants' Motion for Clarification**

Defendants made a motion for limited clarification on

January 30, 2020.[4]  In its motion, Defendants ask the Court to

make a "limited clarification" of the Court's January 2020

Opinion, ECF No. 545.  Defendants allege that this limited

clarification will "conform the Opinion to the record and

further confirm certain aspects of the Court's underlying

analysis."  ECF No. 549-1 at 1.

Defendants request that several sections of the Court's

January 2020 Opinion be revised.  Defendants assert that the

sections they identified should be clarified to better reflect

the record, the patents in question, the technology used in the

various hoses and prototypes.[5]  See ECF No. 549-2 (showing

---

[4] Defendants note that they believe this motion is appropriately
styled as one for clarification but maintains that this motion
should be granted if considered a motion for reconsideration.
ECF No. 549-1, at 2 n.2.

[5] Defendants take issue with the following sections discussing
correction of inventorship:

- The Court's description of MicroHose prototype Ragner
  demonstrated and discussed with Berardi. (ECF No. 545, at
  7);

Defendants' proposed revisions to the Court's January Opinion).
Defendants also helpfully highlights several typographical
errors, and one instance in which the Opinion incorrectly
identifies Keith Mirchandani as the owner of Telebrands, rather
than Tristar.  See id.

Plaintiffs argue that this motion should be denied because
Defendants' motion attempts to "recast[] the Court's opinion to
go beyond the Court's original findings and in some cases
reverse them."  ECF No. 556 at 1 (emphasis in original).
Plaintiffs argue that this motion is procedurally improper as it
does not cite any overlooked legal matters or controlling
decisions and there has been no intervening change in the
controlling law and no introduction of new evidence.  Plaintiffs

---

- The Court's description of Ragner's testimony about his
  patent, U.S. Patent No. 6,948,527 ("Patent '527") (ECF No.
  545, at 33);
- The wording of the Court's finding that Ragner made a
  significant contribution to the invention of the XHose (ECF
  No. 545, at 33);
- The Court's phrasing in its comparison of Ragner's Patent
  '527 with Berardi's U.S Patent No. 8,291,941 ("Patent
  '941") (ECF No. 545, at 34);
- The Court's phrasing in its finding that Ragner contributed
  to the invention of the XHose by sharing information with
  Berardi (ECF No. 545, at 35);
- The Court's description of Ragner's demonstrated prototype
  as circumstantial evidence to corroborate Ragner's
  testimony (ECF No. 545, at 38); and
- Part of the Court's conclusion that Gary Ragner contributed
  to the conception of the XHose and should be named as a co-
  inventor (ECF No. 545, at 47).

argue that whether this Court's findings of fact and its conclusions are sufficient is not a matter this Court should revisit, but rather an issue for the Federal Circuit to decide.

The Court will grant Defendants' motion for clarification in its entirety and adopt each of Defendants' proposed changes. The Court finds its appropriate to conform the Opinion to the record and clarify the meaning of the Court's original Opinion. The Court agrees with Defendants that each proposed change clarifies ambiguities in the Court's previous Opinion, does not constitute a reversal of the Court's previous Opinion, and makes clear the scope and limits of the Court's previous Opinion. Regarding the prior art issue, the Court highlights that the Court never made a finding regarding the scope of the prior art and the Defendants' proposed change clarifies this ambiguity in the previous Opinion.  The Court finds the grant of Defendants' motion is consistent with the purpose of such motions, which is "to explain or clarify something ambiguous or vague, not to alter or amend." Resolution Trust Corp., 1993 U.S. Dist. LEXIS 16546, at *2.  Accordingly, Defendants' motion for clarification will be granted.

**D. Standard for Certifying Judgment**

Courts of Appeal have jurisdiction to review "final" decisions of District Courts.  28 U.S.C. § 1291.  "Generally, an order which terminates fewer than all claims pending in an

action or claims against fewer than all the parties to an action does not constitute a 'final' order for purposes of 28 U.S.C. § 1291." Elliot v. Archdiocese of New York, 682 F.3d 213, 219 (3d Cir. 2012). However, under Rule 54(b), a District Court may convert an order adjudicating less than an entire action into a "final" decision over which a Court of Appeals may exercise jurisdiction under 28 U.S.C. § 1291. See id.

There is a strong federal policy against piecemeal litigation and appeals. Merrill Lynch Bus. Fin. Serv., Inc. v. Kupperman, No. 06-4802, 2007 U.S. Dist. LEXIS 57640, at *13 (D.N.J. Aug. 8, 2007) (describing this policy as "one of longstanding validity and continuing vitality") (citing Gerardi v. Pellulo, F.3d 1362, 1368 (3d Cir. 1994)); see also Elliott, 682 F.3d at 220 ("Certification of a judgment as final under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in a district court"). Rule 54(b) offers a means of mitigating the potentially harsh effects that this federal policy can create in certain limited circumstances. Kupperman, 2007 U.S. Dist. LEXIS 57640, at *13; see also Seidman v. American Mobile Sys., 965 F. Supp. 612, 617-18 (E.D. Pa. 1997) ("Rule 54(b) . . . attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties") (internal quotations and citations omitted).

In order to certify a final decision under Rule 54(b), certain requirements must be met: (1) "there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief" and (2) there is "no just reason for delay." Berckeley Inv. Grp., Ltd. V. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006) (quoting Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980)).

The Third Circuit[6] has held that a District Court should consider the following factors when determining if there is a just reason for delay:

---

[6] The parties cite both Third Circuit and Federal Circuit law in arguing the motion to certify judgment and stay proceedings. See ECF No. 550-1, at ii-iii; ECF No. 557, at ii; ECF No. 558, at ii, and ECF No. 562, at ii.  In Snellman v. Ricoh, 836 F.2d 528, 533 (Fed. Cir. 1987), the Federal Circuit held that "[b]ecause construction of the Federal Rules of Civil Procedure is a matter not unique to patent law, we would normally apply the law of the regional circuit in which the district court sits."  In this case, the regional circuit is the Third Circuit.

In W.L. Gore & Associates, Inc. v. Int'l Medical Prosthetics Research Associates, Inc., 975 F.2d 858, 861 (Fed. Cir. 1992), the Federal Circuit commented that it was "faced with the difficult question of which circuit's law governs when our jurisdiction turns on the construction of 'final.'"  The Federal Circuit in Gore further noted that the "Supreme Court case law governs no matter which circuit's law we would otherwise apply." Next, the Federal Circuit held that it would look to Supreme Court precedent and Ninth Circuit and Federal Circuit case law first before looking "to the law of all circuits equally for persuasive reasoning."  This Court will adopt the same methodology, looking to Supreme Court precedent, Federal Circuit and Third Circuit case law before examining the law of all circuits for persuasive reasoning.

(1)   the presence or absence of a claim or
      counterclaim which could result in a set-off
      against the judgment sought to be made final

(2)   the relationship between the adjudicated and non-
      adjudicated claims;

(3)   the possibility that the need for review might or
      might not be mooted by future developments in the
      district court;

(4)   the possibility that the reviewing court might be
      obliged to consider the same issue a second time;

(5)   miscellaneous factors such as delay, economic and
      solvency considerations, shortening the time of
      trial, frivolity of competing claims, expense,
      and the like . . . .

Waldorf v. Shuta, 142 F.3d 601, 609 (3d Cir. 1998) (citing

Allis-Chalmers Corp. v. Phila. Electric Co., 521 F.2d 360,

364 (3d Cir. 1975)).  The burden to demonstrate that the

present case should be certified as final is on the party

seeking certification to convince the Court that its case

is the "infrequent, harsh case meriting favorable exercise

of discretion" to certify judgment as final under Rule

54(b).  See Anthuis v. Cold Indus. Operating Corp., 971

F.2d 999, 1003-04 (3d Cir. 1992) (discussing the standard

set in Allis-Chalmers Corp., 521 F.2d at 364-65).

**E. Standard for a Motion to Stay Pending Appeal**

     Faced with a decision to stay a civil order pending appeal,

the Court considers: (1) whether the applicant has made a strong

showing that he or she is likely to succeed on the merits; (2)

whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure other parties interested in the proceeding; and (4) where the public interest lies.  See Hilton v. Braunskill, 481 U.S. 770, 776 (1987); see also Standard Haven Products, Inc. v. Gencor Indus., Inc., 897 F.2d 511, 512 (Fed Cir. 1990).  These four factors can effectively merge into a single consideration: assessing whether the movant's chances for success on appeal and weighing the equities as they effect the parties and the public.  See E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co., 835 F.2d 277, 278 (Fed. Cir. 1987); see also In re Revel AC, Inc., 802 F.3d 558, 569-70 (3d Cir. 2015) (discussing the "sliding scale" approach to assessing a motion to stay).

The Third Circuit has recognized that "[t]he 'formulations used to describe the degree of likelihood of success that must be shown' vary widely."  E.I. DuPont de Nemours & Co., 802 F.3d at 568 (quoting Mohammed v. Reno, 309 F.3d 95, 100 (2d Cir. 2002)) (emphasis in original).  In other courts, these formulations range from "more likely to succeed than fail," Abdul Wali v. Coughlin, 754 F.2d 1015, 1026 (2d Cir. 1985), to "a substantial possibility, although less than a likelihood of success."  Dubose v. Pierce, 761 F.2d 913, 920 (2d Cir. 1985). The Third Circuit has held that "a sufficient degree of success for a strong showing exists if there is 'a reasonable chance, or

probability, of winning.'"  In re Revel AC, Inc., 802 F.3d at
569 (quoting Singer Mgmt. Consultants, Inc. v. Milgram, 650 F.3d
223, 229 (3d Cir. 2011) (en banc)).  The Third Circuit has
further clarified that under this standard it "is not enough
that the chance of success be better than negligible," but the
likelihood of winning does not need to be "more likely than
not."  Id. (internal quotations and citations omitted).

For the second factor, the party applying for the stay must
"demonstrate that irreparable injury is likely [not merely
possible] in the absence of [a] [stay]."  Winter v. Natural Res.
Def. Council, Inc.,, 555 U.S. 7, 22 (2008) (emphasis in
original); see also In re Revel AC, Inc., 802 F.3d at 571 ("To
establish irreparable harm, a stay movant 'must demonstrate an
injury that is neither remote nor speculative, but actual and
imminent.'") (quoting Tucker Anthony Realty Corp. v.
Schlesinger, 888 F.2d 969, 975 (2d Cir. 1989)).  In this
context, the Third Circuit has held that it "understand[s] the
Supreme Court's use of the 'likely' to mean more apt to occur
than not."  In re Revel AC, Inc., 802 F.3d at 569 (citing
Michigan v. U.S. Army Corps of Engineers, 667 F.3d 765, 788 (7th
Cir. 2011)).

If an applicant satisfies the first two factors, the court
will "weigh the likely harm to the movant (absent a stay)
(factor two) against the likely irreparable harm to the stay

opponent(s) if the stay is granted (factor three)."  Id.  This is knowns as balancing of harms or balancing equities.  The Court will also take into account where the public interest lies, "in effect, how a stay decision has 'consequences beyond the immediate parties.'"  Id. (quoting Roland Mach. Co. v. Dresser Indus., 749 F.2d 380, 388 (7th Cir. 1984)).

**F. Plaintiffs' Motion to Certify Judgment and Stay Proceedings**

Plaintiffs request that the Court certify the January 2020 Opinion under Rule 54(b) or enter final judgment.  Assuming that the Court grants Plaintiffs' motion, Plaintiffs ask that the Court to grant a stay pending appeal.  Specifically, Plaintiffs request that the stay's scope include a stay of all proceedings in this case, a stay in the antitrust dispute currently before this Court, and a stay of the Court's order directing that Gary Ragner be added as an inventor to the patents.

Defendants state that they would not oppose a Plaintiffs' motion to certify judgment and stay proceedings so long as several matters are addressed first.  Specifically, Defendants argue that Plaintiffs' motion is premature until (1) Defendants' motion for clarification is resolved; (2) Defendants' motion to disqualify counsel is resolved; and (3) the parties complete mediation.

The Court will first address certification of judgment.

**1. Certification of Judgment**

a. Ultimate Disposition of a Cognizable Claim

Plaintiffs allege that in similar disputes, a decision on inventorship has been considered final under Rule 54(b).  ECF No. 550-1, at 2-3 (citing cases).  Plaintiffs also maintain that the decision to certify a judgment "hinges, in large part, on the individual case's facts and procedural posture rather than on a bright line rule." Id. at 3.  Plaintiffs point to language from Defendants' briefs in which Defendants assert that the correction of inventorship issue is dispositive.  Plaintiffs allege that Plaintiffs' remaining claims "rise or fall based on whether Mr. Ragner is a co-inventor of the Berardi patents" and cannot move forward if Ragner is a co-inventor.  Id. at 4.  As will be discussed below, Defendants contest whether the decision on inventorship resolves all claims in this case.

The Court finds that the January 2020 decision on the motion for correction of inventorship is the ultimate disposition of a cognizable claim.  Plaintiffs' Fifth Amended Complaint alleges twenty-four counts of patent infringement on the patents in suit.  ECF No. 166.  The parties do not dispute that inventorship is a dispositive issue in these twenty-four counts.  See ECF No. 301, at § II (discussing "The Case-Dispositive Issue of Inventorship").

The Court finds that Plaintiffs have satisfied this prong in seeking certification of final judgment.

15

**b. Just Reason for Delay**

Plaintiffs assert that there does not appear to be a just reason for further delay.  Plaintiffs argue that there are no pending counterclaims that should delay certification of final judgment because this Court would have the discretion to delay entry of final judgment to resolve a pending claim of attorneys' fees.

In contrast, Defendants assert that there is a just reason for delay in this case for several reasons.  First, Defendants have pending counterclaims that have not yet been adjudicated. Defendants acknowledge that the Court's ruling on inventorship will mean that Defendants need not pursue a number of their counterclaims but maintain that because this is an exceptional case, they will seek relief from Plaintiffs.  The Court finds that though Defendants may have an outstanding claim for relief in the form of attorneys' fees and costs, this does not prevent certification of final judgment.  See Ray Haluch Gravel Co. v. Central Pension Fund, 571 U.S. 177, 177 (2014) (upholding the First Circuit's determination that an unresolved attorneys' fees issue generally does not prevent judgment on the merits from being final).

Second, Defendants argue their Motion for Limited Clarification of the Opinion Plaintiffs wish to appeal should be resolved before any certification.  Plaintiffs agree that the

16

Court can and should decide Defendants' Motion for Clarification before the Court certified the matter for appeal.  As detailed above, the Court granted Defendants' Motion for Clarification and therefore the pending motion does not prevent the certification of final judgment.  Third, Defendants argue their Motion to Renew their earlier motion to disqualify Telebrands' Counsel should be resolved before any certification.  In response, Plaintiffs highlight that Magistrate Judge Donio dismissed the Defendants' renewed motion and "Plaintiffs have agreed not to involve Mr. Snow or Pryor Cashman in the appeal, and if for any reason that were to change, Plaintiffs' counsel agreed to alert the Court and opposing counsel to any plans to seek Mr. Snow's or Pryor Cashman's assistance on the appeal." See 562 at 1-2 n.1.  In light of Judge Donio's denial of Defendants' renewed motion and Plaintiffs' agreement to not involve Mr. Snow or Pryor Cashan in the appeal, the Court agrees this additional argument does not prevent the certification of final judgment.  ECF No. 560.

Finally, Defendants argue the parties' mediation efforts should be completed before certification.  Defendants focus on the fact Plaintiffs even acknowledge the parties have agreed to mediation and that Judge Salas and this Court have entered related orders and argue mediation is actually "an additional reason for granting the[ir] requested stay (other than to pursue

17

an appeal on the issue of correction of investorship." ECF No. 557 at 8; ECF No. 542, 547, 551; Telebrands Corp. v. Ragner Tech. Corp., No. 2:15--03163, DE 162 (D.N.J. July 18, 2019). Defendants argue "making completion of mediation a precursor to certification enables the Court and parties to ensure further costs and activity associated with any appeal can be postponed until the parties determine whether, as a result of mediation, they might be avoided altogether." ECF No. 557 at 8.

Defendants further argue "any certification until the completion of mediation is the simplest way to effect this result (without, e.g., unnecessary Federal Circuit stay motions), and is certainly within the 'sound judicial discretion of this court' given the interests and equities here." ECF No. 557 at 8 (quoting Curtiss-Wright Corp. v. Gen. Elec. Comp., 446 U.S. 1, 8 (1980)). In response, Plaintiffs argue the Court should not wait to enter the certification and stay pending mediation because "no further delay is necessary." ECF No. 562 at 3. The Court agrees with Defendants that the pending mediation is a just reason for delay because this ensures that costs and activity associated with any appeal can be postponed until the parties determine whether the need for an appeal may be avoided all together as a result of mediation. In deciding whether there is any just reason for delay, "it is left to the sound discretion of the district court to determine . . . when

each final decision in a multiple claims action is ready for appeal." Curtiss-Wright, 446 U.S. at 8.  Requiring the parties to continue mediation efforts prior to the Court's certification of the Opinion for appeal conserves both judicial and the parties' resources and potentially resolves the matter altogether, which might moot the need for the Third Circuit to review the Court's previous Opinion.  Accordingly, this Court will deny Plaintiffs' motion to certify judgment under Rule 54(b) at this time.

**2. Motion to Stay Pending Appeal**

For the foregoing reasons, the Court is unable to grant Plaintiffs' Motion to Stay Pending Appeal.  However, in the event mediation efforts are unsuccessful within the next ninety days, the Court will still address the factors for a motion to stay pending appeal.

**a. Success on the Merits**

Plaintiffs allege that there are legitimate reasons to believe that the Federal Circuit would not uphold this Court's January 2020 decision on inventorship.  Firstly, Plaintiffs argue that there is a significant legal issue for appeal as to whether the Court erred in failing to construe the claims in the Berardi patents before deciding the correction of inventorship issue.  Secondly, Plaintiffs argue that there is a significant issue for appeal as to whether the Court properly applied the

law concerning collaboration, conception and contribution. Defendants do not weigh in on Plaintiffs' alleged success on the merits.

The Court finds that Plaintiffs have shown that they have a reasonable chance or probability of winning on appeal. Plaintiffs have highlighted two specific issues that they believe could lead the Federal Circuit to disagree with this Court's ruling.  While Plaintiffs may not have shown that they are more likely than not to win on appeal, they have shown that their chances of success on the merits are better than negligible.

Plaintiffs have satisfied this prong.

### b. Balancing the Equities

Irreparable Harm to Plaintiffs

Plaintiffs argue that they will be irreparably harmed without a stay because their only remaining claims will be foreclosed by adding Ragner to the patents-in-suit.  Plaintiffs further assert that they need clarity regarding the patents-in-suit in order to effectively participate in the marketplace. Plaintiffs highlight that Telebrands is in the process of securing contracts to distribute its "Pocket Hose" and that the lack of clarity has negatively impacted these negotiations. Defendants do not contest Plaintiffs' description of the likely harm in the absence of a stay.

Injury to Defendants

Plaintiffs further allege that a stay will not burden the Defendants because no monetary damages are sought by the Defendants.  Defendants do not speak to possible injury if a stay is granted.  Defendants do argue that requiring that the parties complete mediation before granting a stay would enable the Court and the parties to "ensure further costs and activity associated with any appeal can be postponed until the parties determine whether, as a result of mediation, they might be avoided all together."  ECF No. 558 at 8.

Public Interest

Plaintiffs claim that the public interest supports a stay because allowing the Federal Circuit to address Plaintiffs' appeal will create a clear path forward for the parties and their customers.  Plaintiffs allege that they are financially viable companies capable of paying any incremental damages that would be caused by a stay.

The Court finds that after weighing the likely harm to Plaintiffs against the likely harm to Defendants and assessing in the public interest, the factors would weigh in favor of granting a stay pending an appeal.

However, as explained above, a stay pending appeal at this time would not be appropriate.  Nevertheless, a district court enjoys "broad discretion to stay proceedings as an incident to

its power to control its own docket." Clinton v. Jones, 520
U.S. 681, 706 (1997).

"District courts possess inherent discretion to stay a
proceeding whenever 'the interests of justice' mandate 'such
action.'" Akishev v. Kapustin, 23 F. Supp. 3d 440, 445 (D.N.J.
2014) (quoting U.S. v. Kordel, 397 U.S. 1, 12 n.27 (1970). "To
determine the appropriateness of a stay, courts consider
'whether a stay will simplify issues and promote judicial
economy, the balance of harm to the parties, and the length of
the [] stay.'" Owlpoint, LLC v. Spencer Thomas Grp., No. 20-
4495, 2021 U.S. Dist. LEXIS 17988, *4 (D.N.J. Jan. 29, 2021)
(quoting Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC,
No. 11-0011, 2011 U.S. Dist. LEXIS 102743 (D.N.J. Sept. 12,
2011) (citation omitted)(alteration in original). Here, the
Court exercises its inherent judicial discretion and will issue
a temporary stay for ninety days to allow the parties additional
time to complete mediation efforts.

The scope of the Court's stay shall include a stay of all
proceedings in this case, a stay in the antitrust dispute
currently before this Court, and a stay of the Court's order
directing that Ragner be added as an inventor to the patents.
As other district courts have already found, this Court finds
"[a]llowing the [p]arties to mediate this dispute may conserve
both judicial and the [p]arties' resources and potentially

resolve the matter altogether." World of Beer Franchising, Inc.
v. MWB Dev. I, LLC, No. 17-1171, 2017 U.S. Dist. LEXIS 200830,
*1-2 (M.D. Fla. June 21, 2017); see Advanced Bodycare Sols., LLC
v. Thione Int'l, Inc., 524 F.3d 1235, 1241 (11th Cir. 2008)
("[D]istrict courts have inherent, discretionary authority to
issue stays in many circumstances, and granting a stay to permit
mediation (or to require it) will often be appropriate.");
Lacroix v. Lejeune Auto Wholesale, Inc., No. 20-21469, No. 20-
21469, 2020 U.S. Dist. LEXIS 189772, at *5 (S.D. Fl. Oct. 14,
2020)(" One additional circumstance that has occasionally
satisfied the aforementioned factors is the possibility of
avoiding unnecessary expenses while the parties engage in
mediation or settlement discussions that might conserve the
parties' resources and promote judicial economy."); Pac. Rim
Land Dev., LLC v. Imperial Pac. Int'l (CNMI), LLC, No. 19-16,
2020 U.S. Dist. LEXIS 74812, at *4-5 (D.N. Mar. Is., Apr. 23,
2020) ("[A] court may opt to stay the case to allow for
mediation."); ArrivalStar, S.A. v. Blue Sky Network, LLC, No.
11-4479, 2012 U.S. Dist. LEXIS 22316, at *4 (N.D. Cal. Feb. 22,
2012) ("The Court concludes that Blue Sky has shown good cause
to justify a stay of discovery pending mediation. The Court
finds that staying discovery pending mediation will conserve the
resources of the parties and will not impose an inequity on any
party."). If the mediation is unsuccessful within ninety days,

then the Court finds a longer stay for certification may be appropriate.

**<u>CONCLUSION</u>**

For the reasons stated above, the Court will grant Defendants' motion for clarification.  The Court will deny without prejudice Plaintiffs' motion to certify judgment and stay the proceedings pending appeal.  The Court will issue a temporary stay for ninety days to allow the parties additional time to complete mediation efforts.


Date: <u>August 12, 2021</u>                   <u>s/ Noel L. Hillman</u>
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.