UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION

| | |
|---|---|
| BLUE GENTIAN, LLC, NATIONAL EXPRESS, INC., and TELEBRANDS CORP., <br><br> Plaintiffs, <br><br> v. <br><br> TRISTAR PRODUCTS, INC. <br><br> Defendant. | CIVIL ACTION FILE NUMBER: <br><br> 1:13-CV-1758-NLH-AMD |

**STIPULATION AND [PROPOSED] ORDER TO CERTIFY JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b) AND TO STAY CASE PENDING APPEAL**

WHEREAS, on May 13, 2020, Plaintiffs Blue Gentian, LLC ("Blue Gentian"), National Express, Inc. ("National Express") and Telebrands Corp. ("Telebrands") (collectively, the remaining "Plaintiffs") and Defendant Wal-Mart Stores, Inc., d/b/a Sam's Club and Sam's Wholesale Club ("Walmart") stipulated to the dismissal of this action against Defendant Walmart (Dkt. 565), leaving Defendant Tristar Products, Inc. ("Tristar") as the sole remaining Defendant in this matter;

WHEREAS, on January 16, 2020, this Court ordered the entry of judgment in favor of Defendants Tristar and Walmart as to Defendants' counterclaims for correction of inventorship of the six Asserted Patents (U.S. Patent No. 8,291,941, U.S. Patent No. 8,291,942, U.S. Patent No. 8,479,776, U.S. Patent No. 8,757,213, U.S. Patent No. D722,681, and U.S. Patent No. D724,186

1

(the "Asserted Patents")) to add Mr. Gary Ragner as an inventor to each of the Asserted Patents (Dkt. 548 (the "Inventorship Judgment"));

WHEREAS, the Inventorship Judgment was accompanied by an Opinion entered January 16, 2020 (Dkt. 545);

WHEREAS, on January 31, 2020, Plaintiffs moved for certification under Fed. R. Civ. P. 54(b) of the Inventorship Judgment, or in the alternative "entry of a final judgment," and for a stay of all proceedings in this Court on all remaining claims (Dkt. 550 (the "Motion for Certification and Stay")), and the parties proceeded to brief this motion (*see* Dkts. 550-1, 557, 558, 562);

WHEREAS, on February 14, 2020, Plaintiffs filed a notice of appeal to the Federal Circuit, later docketed as No. 2021-2316 (Dkt. 555 (the "First Appeal"); *see* Dkt. 573); WHEREAS, this Court entered an Amended Opinion (Dkt. 569) on August 12, 2021 (*see* Dkts. 568 (Order granting motion for limited clarification), 567);

WHEREAS, on August 12, 2021, in connection with the Motion for Certification and Stay, this Court, considering the standards for Rule 54(b) certification (*see* Dkt. 567 (Opinion) at 8-11), entered an Opinion (Dkt. 567) finding that the Inventorship Judgment "is the ultimate disposition of a cognizable claim" and thus supports certification under Rule 54(b) under the circumstances presented here (*id*. at 15), but determined that, at that time, the parties' "pending mediation [was] a just reason for delay"—and thus the Court denied the motion for certification without prejudice on that basis (*id*., 16-19; Dkt. 568 (Order)); and the Court, considering the standards governing a motion to stay pending appeal (*see* Dkt. 567, 11-14), found that "after weighing the likely harm to Plaintiffs against the likely harm to Defendants and assessing in the public interest, the factors would weigh in favor of granting a stay pending an appeal," but because it had denied Rule 54(b)

certification the Court denied the stay without prejudice (*id.*, 24; Dkt. 568), and the Court invited renewal of the motion if mediation was unsuccessful within 90 days (*see, e.g.,* Dkt. 567 at 18–19, 21, 23–24);

WHEREAS, on September 10, 2021—following the second Opinion of August 12, 2021—Plaintiffs filed a second notice of appeal to the Federal Circuit, later docketed as No. 2021-2317 (Dkt. 571 (the "Second Appeal"), *see* Dkt. 574;

WHEREAS, the Court is informed that the parties' mediation efforts were unsuccessful within the 90 days specified by this Court in its Order (Dkt. 568);

WHEREAS, on March 9, 2022, the Federal Circuit entered a Certified Order dismissing the First and Second appeals but stating that it would reinstate the appeals if within 60 days a new appeal is filed from this Court's entry of either a final judgment on the entire case or a certification under Rule 54(b) of its Inventorship decision. (Dkt. 577 at 2-3);

WHEREAS, all remaining Plaintiffs have represented they will join in pursuing the appeal if this matter is now certified under Rule 54(b), thus avoiding potential concerns about piecemeal appeals; and

WHEREAS, the parties disagree on whether this matter is ripe for entry of a final judgment but agree that the conditions for certification under Rule 54(b) have been satisfied;

WHEREAS, Plaintiffs and Defendant Tristar now jointly request that the Court (1) enter final judgment under Rule 54(b) on Tristar's counterclaims for correction of inventorship of the six Asserted Patents; (2) stay litigation in this Court of the remaining claims pending Plaintiffs' appeal; and (3) stay any filing of a bill of costs or motion for award of fees based on the Rule 54(b)

final judgment pending Plaintiffs' appeal and until a time set by the Court after the conclusion of that appeal;

NOW, THEREFORE, this Court finds that there is a final disposition on Tristar's counterclaims for correction of inventorship of the six Asserted Patents and that there is no just reason to delay entry of judgment, as doing so will benefit judicial administration; and

IT IS ORDERED THAT:

1. Final judgment under Federal Rule of Civil Procedure 54(b) is entered on Tristar's counterclaims for correction of inventorship of the six Asserted Patents.

2. Litigation of the remaining claims is stayed pending Plaintiffs' appeal and all parties reserve their rights with respect to their legal positions on those claims.

3. The deadlines for submission of a bill of costs and of any motions for costs, fees, and expenses, including any motion under 35 U.S.C. § 285, in connection with Tristar's counterclaims for correction of inventorship of the six Asserted Patents are also stayed pending Plaintiffs' appeal until 45 days after the Federal Circuit issues its mandate or until such later date as this Court may direct.

Date: April 8, 2022

/s/ David S. Stone
David S. Stone, Esq.
STONE & MAGNANINI LLP
400 Connell Drive, Suite 6200
Berkeley Heights, NJ 07922
Telephone: (973) 218-1111
Facsimile: (973) 218-1106
dstone@stonemagnalaw.com

*Attorneys for Plaintiff Telebrands Corporation*

/s/ Edward F. McHale
Edward F. McHale, Esq.
MCHALE & SLAVIN, P.A.
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
litigation@mchaleslavin.com

*Attorneys for Plaintiffs Blue Gentian, LLC and National Express, Inc.*

/s/ Kathleen N. Fennelly
Kathleen N. Fennelly, Esq.
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mt. Kemble Avenue
Morristown, New Jersey 07962-2075
KFennelly@mdmc-law.com

*Attorneys for Plaintiffs Blue Gentian, LLC and National Express, Inc.*

/s/ Edward P. Bakos
Edward P. Bakos, Esq.
BAKOS & KRITZER
147 Columbia Turnpike
Florham Park, New Jersey 07932
ebakos@bakoskritzer.com

J. Steven Baughman (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON, LLP
2001 K Street, NW
Washington, DC 20006-1047
sbaughman@paulweiss.com

*Attorneys for Defendant Tristar Products, Inc.*

**SO ORDERED** this 25 day of April, 2022.

s/ Noel L. Hillman
Honorable Noel L. Hillman,
United States District Judge

5